# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Denise L. Robinson,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 10-1577 (CKK)** |
| | : | |
| **Ken Salazar,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

This civil action was commenced under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., against the Secretary of the U.S. Department of the Interior. It stems from a settlement agreement the parties reached in March 2007 to resolve plaintiff's employment discrimination complaint against defendant, her then-employer. Plaintiff seeks equitable relief and $300,000 in monetary damages. Compl. at 3. Defendant moves to dismiss the case pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court finds that it lacks subject matter jurisdiction over the case. It therefore will grant defendant's motion to dismiss under Rule 12(b)(1) but, in the interests of justice, will transfer the case to the United States Court of Federal Claims.

Under the Tucker Act, 28 U.S.C. § 1491, a claim based on an express or implied contract with the United States must be brought in the Court of Federal Claims if the claim exceeds $10,000. *See* 28 U.S.C. § 1491(a), *Doe v. Dep't of Justice*, 753 F.2d 1092, 1101 (D.C. Cir. 1985) ("Jurisdiction for those monetary claims against the United States exceeding $10,000 lies exclusively with the Claims Court.") (citation omitted); accord *Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992). "[E]ven though Title VII might

have been the basis of a settlement agreement, a breach claim is a straightforward contract dispute . . . under the Tucker Act[.]" *Greenhill v. Spellings*, 482 F.3d 569, 575 (D.C. Cir. 2007) (citing cases).

Defendant argues that this Court lacks subject matter jurisdiction because "[t]he only issue is whether the settlement agreement or contract remains viable or has been breached." Def.'s Mem. of P. &. A. in Support of Mot. [Dkt. # 8-1] at 5. Plaintiff agrees that "this case is and was clearly presented as a breach of contract action" and that "the relief sought does exceed $10,000.00." Pl.'s Res. to Def.'s Mot. to Dismiss [Dkt. # 11] at 1. She states that she filed here "because she was directed to do so per the instruction on page 4" of the Equal Employment Opportunity Commission's right to sue notice. *Id.*, Ex. A; Compl. Attach. Consequently, the Court, lacking jurisdiction over plaintiff's breach of contract claim, will grant defendant's motion to dismiss under Rule 12(b)(1). Rather than dismiss the action, however, the Court finds it in the interests of justice to transfer it pursuant to 28 U.S.C. § 1631 to the Court of Federal Claims. *See Greenhill*, 482 F.3d at 576 (remanding Tucker Act case to the district court with instructions to transfer it to the Court of Federal Claims). A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: April 8, 2011